1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

9  BRIAN CHARLES STATELY,

10      Petitioner,                                    Case No. 3:11-CV-00673-LRH-(VPC)

11  vs.                                                **ORDER**

12  UNITED STATES DISTRICT COURT,
    DISTRICT OF NEVADA,

13

14      Respondent.

15      Petitioner has paid the filing fee (#7).  The court has reviewed his petition pursuant to Rule 4

16  of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Corpus

17  Rules").  Petitioner will need to file an amended petition.

18      The petition has two defects in form.  First, petitioner used the form for a post-conviction

19  petition in state court.  Petitioner will need to use this court's form.  LSR 3-1.  Second, petitioner

20  did not name the correct respondent.  The correct respondent is the state officer who has custody

21  over petitioner.  28 U.S.C. § 2242; Habeas Corpus Rule 2(a).

22      The petition also has substantive defects.  Petitioner's allegations are too vague.  The most

23  common defect with the petition is that petitioner's allegations are too vague and conclusory.

24      In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil
        Procedure, requires only "a short and plain statement of the claim showing that the pleader is
25      entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).  Rule 2(c) of the Rules Governing Habeas
        Corpus Cases requires a more detailed statement.   The habeas rule instructs the petitioner to
26      "specify all the grounds for relief available to [him]" and to "state the facts supporting each
        ground."

27

28  Mayle v. Felix, 545 U.S. 644, 649 (2005)

1    A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to
2    assist the district court in determining whether the State should be ordered to "show cause
     why the writ should not be granted." § 2243.   Under Habeas Corpus Rule 4, if "it plainly
3    appears from the petition ... that the petitioner is not entitled to relief in the district court,"
     the court must summarily dismiss the petition without ordering a responsive pleading.   If the
4    court orders the State to file an answer, that pleading must "address the allegations in the
     petition."   Rule 5(b).

5    Id at 656.   "Conclusory allegations which are not supported by a statement of specific facts do not

6    warrant habeas relief."   James v. Borg, 24 F.3d 20, 26 (9th Cir.1994).

7           Petitioner was convicted of two counts of burglary.   In ground 1, he claims that the two

8    burglaries were actually a single offense, such that the conviction violates the Double Jeopardy

9    Clause of the Fifth Amendment.   In ground 2, he claims that the state trial court erred when it

10   sentenced petitioner to consecutive terms of imprisonment for a single criminal act.   In ground 3, he

11   claims that there was no interval of time between what was charged as two instances of burglary.

12   Petitioner does not allege any facts about the crimes charged, the evidence presented, or the

13   proceedings in state court.   Other than the judgment of conviction, petitioner has not attached copies

14   of any written decisions of the state courts to his petition.   He appears to assume, incorrectly, that

15   this court possesses the record of his state-court proceedings.   Petitioner will need to allege the

16   specific facts that support each ground.

17          Ground 4 is a claim that petitioner is actually innocent.   Again, petitioner alleges no facts

18   that could demonstrate that he is actually innocent.   The Supreme Court of the United States has

19   never held that actual innocence is a free-standing ground for relief in federal habeas corpus.

20   Herrera v. Collins, 506 U.S. 390, 400-01 (1993).   To the extent that such a ground exists, petitioner

21   will need to allege the facts supporting this ground.

22          Ground 5 is a claim that petitioner was tried for the crimes a second time, after the trial court

23   declared a mistrial, in violation of the Double Jeopardy Clause.   He alleges no facts in support of

24   this claim.   Petitioner will need to allege specific facts about the mistrial and the retrial.

25          Petitioner has submitted a motion for appointment of counsel.   Whenever the Court

26   determines that the interests of justice so require, counsel may be appointed to any financially

27   eligible person who is seeking habeas corpus relief.   18 U.S.C. § 3006A(a)(2)(B).   "[T]he district

28   court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to

1  articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v.

2  Look, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to counsel in federal habeas

3  proceedings.  McCleskey v. Zant, 499 U.S. 467, 495 (1991).  The factors to consider are not

4  separate from the underlying claims, but are intrinsically enmeshed with them.  Weygandt, 718 F.2d

5  at 954.  After reviewing the petition, the court finds that the appointment of counsel is not

6  warranted.

7        IT IS THEREFORE ORDERED that the clerk of the court file the petition for a writ of

8  habeas corpus and the motion for appointment of counsel.

9        IT IS FURTHER ORDERED that the motion for appointment of counsel is **DENIED**.

10       IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a petition for a

11  writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have

12  thirty (30) days from the date that this order is entered in which to file an amended petition to

13  correct the noted deficiencies.  Failure to comply with this order will result in the dismissal of this

14  action.

15       IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such

16  by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus

17  Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket

18  number, 3:11-CV-00673-LRH-(VPC), above the word "AMENDED."

19       IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney

20  General for the State of Nevada, as counsel for respondents.

21       IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a

22  copy of the petition.  Respondents' counsel shall enter a notice of appearance herein within twenty

23  (20) days of entry of this order, but no further response shall be required from respondents until

24  further order of the court.

25       DATED this 26th day of January, 2012.

26

27                                         _____

28                                         LARRY R. HICKS
                                           UNITED STATES DISTRICT JUDGE