# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRIAN CHARLES STATELY,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:11-CV-00673-LRH-(VPC)

**ORDER**

    Petitioner has submitted an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#12). The court has reviewed the amended petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action.

    Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

    Petitioner alleges that he pleaded guilty in state court to two counts of burglary. He further alleges that he did not appeal the judgment of conviction, nor did he file a post-conviction habeas

1  corpus petition in state court.[1]  Consequently, petitioner has never presented any of his grounds to
2  the Nevada Supreme Court.  The amended petition (#12) appears to be entirely unexhausted.[2]
3  Petitioner will need to present these grounds to the Nevada Supreme Court through the appeal of a
4  denial of a state habeas corpus petition or other available motion before he can litigate the grounds
5  in federal court.
6      This court makes no statement as to how the state courts will treat any petition that petitioner
7  files with them.  This court also makes no statement as to how the disposition of any state petition
8  will affect this court's ability to reach the merits of petitioner's grounds for relief once he returns to
9  this court.
10     IT IS THEREFORE ORDERED that petitioner shall have thirty (30) days from the date of
11 entry of this order to show cause why the court should not dismiss this action for failure to exhaust
12 available remedies in the state courts.
13     DATED this 13th day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] At pages 6 and 8 of the amended petition (#12), petitioner states that he raised the relevant grounds in a state habeas corpus petition.  However, petitioner's explanation shows that he is actually referring to the original petition (#9) filed in this action, and that he is trying to correct the defects of that petition.

[2] The court did not notice the lack of exhaustion in its review of the original petition (#9) because petitioner did not use the required form.